UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BUDDY MARTS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　08-3041

MICHAEL HAWLEY,

    Defendants.

### Order

    The plaintiff, currently incarcerated in Jacksonville Correctional Center, filed this case challenging his alleged classification as a gang member in Taylorville Correctional Center by Defendant Hawley of Internal Affairs.

    The court is required to conduct a "merit review" of actions filed by incarcerated plaintiffs and dismiss actions that fail to state a federal claim. 28 U.S.C. § 1915A. To state a claim, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, if the allegations, taken as true and construed in the plaintiff's favor, do not allow an inference of the violation of a federal right, then the case must be dismissed for failure to state a claim.[1]

---

[1] The Prison Litigation Reform Act bars a prisoner from proceeding *in forma pauperis* if that "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Since this case is being dismissed for failure to state a claim, the dismissal counts as a "strike" under 28 U.S.C. § 1915(g). If the plaintiff incurs two more strikes, he will no longer be allowed to proceed *in forma pauperis*. Thus, the court advises the plaintiff to carefully research whether he has a federal claim before filing suit in federal court. Additionally, the PLRA requires the court to collect the filing fee from the plaintiff in installments, even if he is granted leave to proceed *in forma pauperis*. 28 U.S.C. Section 1915.

The plaintiff alleges that the defendant wrongfully classified the plaintiff as a member of a security threat group on November 14, 2007, at Taylorville Correctional Center. On that day, the defendant questioned the plaintiff regarding a tattoo under the plaintiff's right eye. The next day, the defendant wrote a disciplinary report against the plaintiff, accusing the plaintiff of giving false information in response to those questions. The defendant asserted in the disciplinary report that the tattoo was an outlined teardrop, consistent with "representation of a fellow deceased member of a security threat group." Defendant further asserted that he asked the plaintiff about the teardrop, to which the plaintiff responded that it was a "dot," but then later conceded that it was a teardrop in remembrance of his brother, which he had received from another inmate at the Western Illinois Correctional Center (whom the plaintiff reportedly refused to identify). The defendant wrote in the disciplinary report that the plaintiff had denied any STG affiliation. At the end of the ticket, the defendant recommended a disciplinary transfer for the teardrop tattoo "that appears to be S.T.G. related."

The plaintiff was found guilty of giving false information, the Committee finding that the plaintiff had first said the tattoo was a dot, but then had later conceded that it was a teardrop in remembrance of his brother. He received one month B grade and a disciplinary transfer.

The plaintiff sues the defendant for falsely labeling him as a member of an S.T.G. group. That is not what the disciplinary report does. All the disciplinary report does is indicate that the plaintiff has a tattoo "that appears to be S.T.G. related." In any event, the defendant would not violate the Constitution by wrongly designating the plaintiff as a gang member. Security determinations like that (i.e., what is or is not a gang tattoo) are left to the prison's discretion, not to the federal courts. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005)(recognizing "high degree of deference to the discretion of prison administration to 'adopt policies and practices to maintain the safety and security of this country's penitentiaries.'")(quoted cite omitted). If the plaintiff is claiming that the designation is defamatory, that also does not state a federal claim. *See Paul v. Davis*, 424 U.S. 693 (1976). Some sort of federal claim might arise at some point if and when the purported gang designation affects a constitutionally-protected interest, but no reasonable inference arises of that here.

IT IS THEREFORE ORDERED:

1) The plaintiff's petition to proceed *in forma pauperis* is granted solely for the purpose of collecting the filing fee in installments (d/e 3). *See* 28 U.S.C. § 1915. The clerk is directed to enter the standard text entry assessing an initial partial filing fee and installment payments.

2) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.

3) All pending motions are denied as moot (d/e 4). This case is closed.

4) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

     5)  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal and may incur another "strike" if his appeal is dismissed for failure to state a claim.

     Entered this 12th  Day of  March, 2008.

                                        **s\Harold A. Baker**

                                        HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE